WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gopal Velu,<br><br>  Plaintiff,<br><br>v.<br><br>Aristotle Air Conditioning and Heating LLC, et al.,<br><br>  Defendants. | No. CV-21-01188-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff Gopal Velu's Motion to Remand (Doc. 16). For the reasons stated below, the Court grants the Motion.[1]

**I.    BACKGROUND**

Velu commenced this action against Aristotle Air Conditioning and Heating, LLC ("Aristotle") in Arizona Superior Court on May 27, 2021. (Doc. 1 at 8.) The Complaint alleges that Velu is a resident of Cleveland, Ohio and Aristotle is an Arizona limited liability company. (*Id.*) Velu claimed damages in an amount required to qualify as a Tier 2 case pursuant to Rule 26.2(c)(3) of the Arizona Rules of Civil Procedure ("more than $50,000 [but] less than $300,000"). (*Id.*)

Aristotle removed the case to this Court on July 8, 2021. (*Id.* at 1–2.) Aristotle then failed to timely file an Answer. (Docs. 16 at 3; 17 at 3.) On July 16, 2021, this Court issued an Order requesting Velu to file a status report as to his timeline to seek entry of default

---

[1] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

and whether he intended to file a motion to remand. (Doc. 10.) Also on July 16, 2021, Aristotle filed an untimely Answer to Velu's Complaint. (Doc. 11.) The same day, Velu filed a status report and a request for entry of default against Aristotle. (Docs. 12; 13.) The status report clarified that Velu had not determined whether he intended to file a motion to remand and reserved the right to do so. (Doc. 12.) Because Aristotle filed an Answer, the Court denied Velu's request for entry of default. (Doc. 14.)

Velu filed this Motion to Remand on August 3, 2021. (Doc. 16.) Velu argues removal was improper because Aristotle is a citizen of Arizona, the forum state. (*Id.* at 4–5.) Velu also seeks attorneys' fees incurred as a result of the removal. (*Id.* at 5.) Aristotle admits that it is a citizen of Arizona. (Doc. 17 at 1.) It argues, however, that Velu waived his right to remand by first filing a request for entry of default. (*Id.*)

## II.     LEGAL STANDARD

A defendant may remove a case filed in state court to district court if the action could have originally been filed in the district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions arising under federal law or where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331, 1332(a). "A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Because the removal statute is strictly construed, "any doubt about the right of removal requires resolution in favor of remand." *Id.* "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## III.    DISCUSSION

### A.     Motion to Remand

Velu argues remand is required because Aristotle is a citizen of Arizona. (Doc. 16 at 5.) Under the so-called "forum defendant rule," a defendant may not remove a case based solely on diversity of citizenship jurisdiction if it is a citizen of the state in which the action was originally brought. 28 U.S.C. § 1441(b)(2). "This rule embodies the notion that a

defendant cannot complain of being haled before the courts of his or her own state." *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1126 (N.D. Cal. 2012). Aristotle removed this case based solely on diversity of citizenship jurisdiction. (Doc. 1 at 2.) Aristotle further admitted that it is a citizen of Arizona. (Doc. 17 at 1.) The Court, therefore, finds that removal violated the forum defendant rule.

Aristotle argues that Velu waived his right to remand by first filing a request for entry of default. (*Id.*) The forum defendant rule is a waivable procedural requirement. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). A plaintiff can waive the right to remand based on procedural defects by engaging in affirmative conduct or evidencing unequivocal assent that would render remand offensive to fundamental principles of fairness. *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988).

The Ninth Circuit has not decided whether requesting entry of default constitutes affirmative conduct that waives a plaintiff's right to remand. *Alarcon v. Shim, Inc.*, No. C 07-02894 SI, 2007 WL 4287336, at *3 (N.D. Cal. Dec. 5, 2007). Furthermore, there is conflicting authority among the district courts that have addressed this issue. *See, e.g.*, *id.* (holding request for entry of default was a ministerial act that did not waive right to remand). *But see Giraudo v. Henkels & McCoy*, No. CIV. 93-548-FR, 1993 WL 302354, at *2 (D. Or. July 28, 1993) (holding plaintiffs waived their right to remand based on procedural irregularities by seeking an order of default). This Court agrees with those courts that have held that filing a request for entry of default does not waive the right to remand based on procedural defects. This conclusion is supported by the requirement of resolving any doubt about the right of removal in favor of remand. *See Moore-Thomas,* 553 F.3d at 1244 (9th Cir. 2009). Accordingly, the Court holds that the removal violated the forum defendant rule and that Velu did not waive his right to remand by filing a request to enter default against Aristotle.

**B.     Attorneys' Fees**

"An order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). District courts have wide discretion to award attorneys' fees in a remand order. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). It is not objectively reasonable to remove an action when doing so will violate the forum defendant rule. *See Ekeya v. Shriners Hosp. for Child., Portland*, 258 F. Supp. 3d 1192, 1206 (D. Or. 2017); *see also Everest Sys. Co. v. Platinum Roofing, Inc.*, No. 19-CV-03133-BLF, 2019 WL 3387951, at *2 (N.D. Cal. July 26, 2019) ("Even though this rule is merely procedural and thus waivable, it would flout the forum defendant rule if the [c]ourt were to condone in-state defendants baselessly removing to federal court in the hopes that a plaintiff will waive its right to remand."). As explained above, removal of this case violated the forum defendant rule because Aristotle is citizen of Arizona. Aristotle's attempt to justify this violation by claiming its counsel did not confirm its citizenship until after removal, and only in anticipation of its Answer (Doc. 17 at 8), further supports a finding that removal was unreasonable. Thus, the Court finds that Aristotle lacked an objectively reasonable basis for seeking removal. The Court will, therefore, award Velu his reasonable attorneys' fees incurred in seeking remand.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 16), including the request for attorneys' fees incurred in seeking remand, is **granted**.

**IT IS FURTHER ORDERED** that no later than **August 24, 2021**, Plaintiff shall file an affidavit supporting his application for attorneys' fees. Defendant may file an opposition no later than **September 7, 2021**. Plaintiff shall not file a reply unless one is ordered. The Court will retain jurisdiction following remand to resolve the award of attorneys' fees.

///

**IT IS FURTHER ORDERED** that the September 16, 2021 scheduling conference is **vacated**.

**IT IS FINALLY ORDERED** directing the Clerk to remand this action to the Arizona Superior Court in Maricopa County.

Dated this 10th day of August, 2021.

Michael T. Liburdi
United States District Judge