**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gopal Velu,<br><br>        Plaintiff,<br><br>v.<br><br>Aristotle Air Conditioning and Heating, LLC, et al.,<br><br>        Defendants. | No. CV-21-01188-PHX-MTL<br><br>**ORDER** |

The Court has reviewed the Affidavit of Plaintiff's Counsel, Kendall D. Steele, in support of an award for attorneys' fees (Doc. 20), and Defendant Aristotle Air Conditioning and Heating, LLC's ("Aristotle") opposition thereto (Doc. 21). Oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b). The Court rules as follows.[*]

**I.    BACKGROUND**

Plaintiff Gopal Velu commenced this action against Aristotle in Arizona Superior Court on May 27, 2021. (Doc. 1 at 8.) Aristotle removed the case to this Court on July 8, 2021, asserting diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (*Id.* at 1–2.) On July 16, 2021, Velu filed a request for entry of default against Aristotle. (Docs. 12; 13.) The Court denied Velu's request for entry of default on August 3, 2021. (Doc. 14.)

---

[*] Miranda Martinez, a second-year law student at the Sandra Day O'Connor College of Law at Arizona State University assisted in drafting this Order.

The same day, Velu filed this Motion to Remand. (Doc. 16.) On August 10, 2021, this Court granted Velu's Motion because Aristotle is a citizen of Arizona. (Doc. 19.) The Court also awarded Velu's reasonable attorneys' fees incurred in seeking remand pursuant to 28 U.S.C. § 1447(c). (*Id.*)

Plaintiff seeks attorneys' fees in the amount of $7,750.00. (Doc. 20 at 2.) This figure includes 31.00 hours at a rate of $250.00 per hour incurred in responding to removal to federal court and remand to state court. (*Id.*) Plaintiff's Counsel claims that these fees are reasonable given his hourly rate and experience in the Phoenix legal community. (*Id.*) Aristotle argues that this number of hours is unreasonable because 9.1 hours were not incurred in seeking remand. (Doc. 21 at 5.) Aristotle also asserts that the remaining 21.9 hours are excessive given the experience of Plaintiff's Counsel and the complexity of the issue. (*Id.*)

## II.  LEGAL STANDARD

The Court has significant discretion in determining whether an award of attorneys' fees is reasonable. *Hensely v. Eckerhart*, 461 U.S. 424, 437 (1983). In evaluating a request for attorneys' fees, the Court shall provide a concise but clear explanation of its reasons for a fee award. *Id.* at 437. The Court, however, is not required to set forth an hour-by-hour analysis of the fee request. *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992); *see also Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 n.3 (9th Cir. 1986) (finding a brief explanation of how the court arrived at its figures sufficient). The reasonableness of a requested fee award is generally analyzed under the lodestar approach, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc*, 523 F.3d 973, 978 (9th Cir. 2008); *Intel Corp. v. Terabyte Int'l Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

The following factors are considered in assessing the reasonableness of a fee: (1) the time and labor required, (2) the novelty and difficulty of the issues, (3) the skill required to properly perform the legal services, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by

the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (3) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975). The Court need not address every factor, only the factors relevant to the particular case. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1264 n.11 (9th Cir. 1987).

### III.   DISCUSSION

Having previously found that Plaintiff is entitled to attorneys' fees, the Court will determine the reasonable hourly rate and number of hours reasonably expended to determine the fee award.

#### A.   Reasonable Hourly Rate

The reasonableness of an hourly rate depends on "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Secretary of Health & Human Services.*, 73 F.3d 895, 908 (9th Cir. 1995) (quoting *Chalmers*, 769 F.2d at 1210–11). The relevant community for the purposes of determining a reasonable hourly rate is the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013).

Prevailing hourly rates in this district range from $300-$750. *See, e.g.*, *Arnhoelter v. Kaus*, No. CV-20-00403-PHX-JAT, 2020 WL 4673160, at *4 (D. Ariz. Aug. 12, 2020); *Edwards v. Vemma Nutrition*, No. CV-17-02133-PHX-DWL, 2019 WL 5684192, at *13 (D. Ariz. Nov. 1, 2019) (finding rates ranging from $215 to $350 reasonable); *Kaufman v. Warner Bros Entm't Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *12–13 (D. Ariz. May 13, 2019) (finding hourly rate of $552 reasonable). The Court, therefore, finds that the requested rate of $250 per hour is reasonable.

#### B.   Number of Hours Reasonably Expended

Having addressed the reasonableness of the hourly rate, the Court now determines a reasonable number of compensable hours. *See Gonzalez*, 729 F.3d at 1201–03. To do so, the Court must review the billing records submitted by Plaintiff's Counsel and "exclude

those hours for which it would be unreasonable to compensate." *Id.* After thoroughly reviewing each time entry, the Court finds that a reduction in hours is warranted.

### i. Hours Unrelated to Remand

In the Order granting Velu's Motion to Remand, the Court expressly stated that only reasonable attorneys' fees incurred in seeking remand would be awarded. (Doc. 19 at 4.) Thus, entries related to default, Aristotle's late filed answer, and matters concerning a Magistrate Judge are excluded from the lodestar calculation. Excluding the time entries that are unrelated to the issue of remand, the Court reduces the billed amount by 7.0 hours.

The itemized statement of fees provided by Plaintiff's Counsel also includes 0.4 hours of de minimis time entries for docket review, court communications, and clerical services. (*See, e.g.*, the 7/16/2021 time entry listing "Finalize and File Court Ordered Status Report") (Doc. 20-1.) Courts generally exclude hours related to clerical work like filing documents. *See Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019); *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2018 WL 1703630, at \*2 (D. Ariz. Apr. 8, 2020). The Court, therefore, declines to include these time entries from its calculation.

### ii. Excessive Hours Related to Remand

Plaintiff's Counsel has similarly included time entries for seemingly redundant tasks associated with the Motion to Remand. (*See, e.g.*, the 7/28/2021 time entry listing "Continue Drafting Plaintiff's Motion for Remand Back to State Court" and the 8/02/2021 entry "Review and Edit Plaintiff's Draft Motion to Remand") (Doc. 20-1.) Courts have found that excessive, redundant, and otherwise unnecessary hours should be excluded from the lodestar amount. *Van Gerwen*, 214 F.3d at 1045. The Court does not find the seemingly excessive time spent on work related to the Motion to Remand reasonable. Accordingly, the Court reduces the billed amount by 11.5 hours.

### iii. Experience and Ability of Plaintiff's Counsel

Aristotle maintains that the remaining 21.9 hours Plaintiff's Counsel claims to have spent on remand is unreasonable given his experience and the complexity of the case. (Doc.

21 at 5.) Other courts in this circuit have found that 11 to 18 hours is a reasonable amount of time for an experienced attorney to expend on a motion to remand. *See Williams v. Ruan Transp. Corp.*, No. 1:13-CV-01157-LJO, 2013 WL 6623254, at *5 (E.D. Cal. Dec. 16, 2019) (finding 12 hours incurred on a motion to remand by attorney with thirty years of experience reasonable); *Beauford v. E.W.H. Group Inc.*, No. 1:09-CV-00066-AWISMS, 2009 WL 3162249, at *8 (E.D. Cal. Sept. 29, 2009) (concluding that 11.87 hours is a reasonable number of hours to expend on a motion to remand); *see also Gutowski v. McKesson Corp.*, No. C 12-6056 CW, 2013 WL 3242265, at *2 (N.D. Cal June 25, 2013) (holding that 11.6 hours incurred in relation to motion to remand is not unreasonable).

In view of the experience of Plaintiff's Counsel and the complexity of this matter, the Court agrees that the hours claimed to have been incurred on the issue of remand are unreasonable. Plaintiff's Counsel is a senior partner with over thirty years of experience. Seeking remand is a fairly standard procedural matter, especially in a case such as this. Accordingly, the Court finds that a reasonable amount of time for Plaintiff's Counsel to expend on remand would be 12.1 hours.

### C. Lodestar Determination

After considering the experience of Plaintiff's Counsel and eliminating unrelated and excessive charges, the Court finds the reasonable fee award in this case to be $3,025.00. This amount corresponds to the following lodestar figure calculation:

| Kendall D. Steele (12.1 x 250) | = | $3,025.00 |
|---|---|---|
| TOTAL | = | $3,025.00 |

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1447(c), Velu is awarded $3,025.00 in attorneys' fees.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     **IT IS FURTHER ORDERED** Aristotle shall pay the $3,025.00 in attorneys' fees to Velu within 30 days from the date of this order.

     Dated this 9th day of September, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge